# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEONARD DANIEL VIGNOLO, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71195

FILED

SEP 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; William D. Kephart, Judge. We conclude that the district court did not err by denying the petition and therefore affirm.

Appellant filed his petition on May 4, 2016, more than 23 years after remittitur issued from his direct appeal in 1992. *Vignolo v. State*, Docket No. 22223 (Order Dismissing Appeal, March 5, 1992). Thus, the petition was untimely filed. *See* NRS 34.726(1). The petition was also

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

17-30876

successive pursuant to NRS 34.810(1)(b)(2) because appellant had previously sought postconviction relief. *Vignolo v. State*, Docket No. 26580 (Order Dismissing Appeal, June 27, 1995); *Vignolo v. State*, Docket No. 31856 (Order Dismissing Appeal, July 13, 2000). Accordingly, the petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). And because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

We conclude that the district court did not err by denying appellant's postconviction petition.[2] Appellant's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Riley v. McDaniel*, 786 F.3d 719, 721 (9th Cir. 2015), as good cause to excuse the procedural bars was misplaced. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 871 (2014) (holding that *Martinez* does not apply to Nevada postconviction procedures); *Leavitt v. State*, 132 Nev., Adv. Op. 03, 386 P.3d 620 (2016) (holding that *Riley* does not establish good cause). Appellant also failed to demonstrate that failure to consider his claims would result in a fundamental miscarriage of justice, *see Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), and to overcome the presumption of prejudice to the State, *see* NRS 34.800(2). Finally, although appellant

---

[2]Although the district court erroneously focused on whether appellant's claims were frivolous when denying his motion for the appointment of counsel, *see Renteria-Novoa v. State*, 133 Nev., Adv. Op. 11, 391 P.3d 760, 762 (2017), we nevertheless conclude that it correctly denied the motion, *see* NRS 34.750(1).

purported to challenge the jurisdiction of the district court, his claim did not implicate the district court's jurisdiction. Nev. Const. Art. 6 § 6. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. William D. Kephart, District Judge
     Leonard Daniel Vignolo, Jr.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk